UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CY IRVING BROWN,<br><br>Defendant. | No. 2:03-cr-00104-MCE-AC-1<br><br>**ORDER** |

Presently before the Court are a Motion to Correct an Illegal Sentence pursuant to 28 U.S.C. § 2255,[1] (ECF No. 132), and a Motion to Show Cause why Transfer of Custody Pending Review Pursuant to Fed. R. App. P. 23 is Necessary, (ECF No. 134), filed by Defendant Cy Irving Brown ("Brown" or "Defendant"). The Government filed a Motion to Dismiss both of Defendant's Motions. (ECF No. 136.)

///

---

[1] Brown framed his motion as a motion under Federal Rule of Criminal Procedure 35. However, a Rule 35 motion is limited to correcting and reducing a sentence: (1) upon a motion filed within 14 days after sentencing, based on arithmetical, technical or other clear errors; and (2) upon the government's motion, for the defendant's substantial assistance in investigating or prosecuting another person. It is clear that Defendant's instant motion does not fall within the scope of Rule 35. Accordingly, the Court will view Brown's instant motion as brought pursuant to 28 U.S.C. § 2255(a), which allows a prisoner in custody under sentence of a federal court to move the court, which imposed the sentence, to vacate, set aside or correct the sentence on the ground that, inter alia, the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence.

1

In his Section 2255 Motion, Brown argues that his sentence is "illegal" because the Court did not have jurisdiction to hear this case since Brown's crime had occurred on land that was under the exclusive jurisdiction of the State of California. (ECF No. 132.) "A petitioner is generally limited to one motion under § 2255, and may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." United States v. Washington, 653 F.3d 1057, 1059 (9th Cir.2011). Pursuant to Section 2255(h), a second or successive motion must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The record demonstrates that, on September 28, 2007, Brown filed another Section 2255 motion to vacate, set aside or vacate sentence. (ECF No. 96.) In that motion, Brown argued that the trial court erred in refusing to order substitute counsel at Brown's request shortly before the trial was to begin, and that his trial and appellate counsel were ineffective. Subsequently, Brown filed requests to add supplemental claims seeking to add a violation of the Interstate Agreements on Detainers Act, and a claim for ineffective assistance of counsel at resentencing. (ECF Nos. 114, 115.) This Court ruled on Brown's first Section 2255 motion on June 14, 2010. (ECF No. 127.) Given that Brown previously filed a Section 2255 motion, his instant motion constitutes a "second or successive motion," which this Court cannot hear unless Brown first obtains the requisite certification from the Court of Appeals. Nothing in the record indicates that Brown has obtained such a certification. Accordingly, Brown's second Section 2255 motion should be denied.

///

///

In his Motion to Show Cause, Defendant requests a court order directing the Government to show cause why transfer of custody pending review of his Section 2255 petition is necessary. (ECF No. 134.) Pursuant to Federal Rule of Appellate Procedure 23(a), pending review of a decision in a habeas corpus proceeding commenced before a court for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this Rule. Rule 23(a) applies only when a habeas action is before the court of appeals on review of a district court's decision. Gurnsey v. California, 2008 WL 1925228, at *3 (E.D. Cal. Apr. 30, 2008); Overstreet v. Yates, 2005 WL 1984472, at *1 (E.D. Cal. Aug. 12, 2005). Here, no appeal has been filed by Defendant with respect to his first Section 2255 petition. Accordingly, Rule 23(a) does not apply, and Defendant's Motion for Order to Show Cause should be denied.

For the reasons set forth above, the Court DENIES Defendant's Motion to Correct an Illegal Sentence pursuant to 28 U.S.C. § 2255, (ECF No. 132), and also DENIES Defendant's Motion to Show Cause, (ECF No. 134). The Government's Motion to Dismiss, (ECF No. 136), is accordingly GRANTED.

IT IS SO ORDERED.

Dated: August 14, 2013

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT